DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a decision issued by the Huron County Court of Common Pleas, dismissing appellant's case against appellee pursuant to Civ.R. 12(B)(6). Because we conclude that the trial court did not err in dismissing the complaint, we affirm.
 {¶ 2} Appellant, Firstar Bank, N.A. ("Firstar"), filed suit against appellee, Prestige Motors, Inc., ("Prestige") and its owner/manager, David Pearson.[1] Prestige was a car dealership, with a credit account with Firstar. The suit stemmed from Prestige's/Pearson's passing of illegal drafts totaling approximately $750,000 drawn on the Firstar account after it had been closed. Chrysler Financial Corporation ("CFC") intervened as a third party defendant, seeking to protect assets which secured its financing to Prestige. Firstar amended its complaint, claiming that it was entitled to the return of funds paid to CFC by Prestige. Firstar asserted that because CFC had access to business records, it knew or "would have known" that Prestige was insolvent and had no funds from its business operations.
 {¶ 3} Ultimately, the trial court dismissed Firstar's complaint against CFC on the basis of Civ.R. 12(B)(6), failure to state a claim upon which relief could be granted. The court determined that Firstar had failed to specifically plead all the elements of fraud, as required by Civ.R. 9.
 {¶ 4} Appellant Firstar now argues the following sole assignment of error on appeal:
 {¶ 5} "The trial court erred when it granted CFC's motion to dismiss."
 {¶ 6} Appellant argues that it was not required to specifically plead the elements of fraud because the claims it asserted were for unjust enrichment and conversion. Appellant further claims that the complaint sufficiently pled "bad faith" which was all that was required to defeat appellee's motion to dismiss.
 {¶ 7} On appeal, the standard of review of a trial court's grant of a Civ.R. 12(B)(6) motion to dismiss is de novo. Greeley v. Miami ValleyMaintenance Contrs. Inc. (1990), 49 Ohio St.3d 228. When reviewing a motion to dismiss, an appellate court must presume all material factual allegations of the complaint to be true and make all reasonable inferences in favor of the non-moving party. Maitland v. Ford Motor Co.,103 Ohio St.3d 463, 2004-Ohio-571, at ¶ 11. For the moving defendants to prevail, it must appear from the face of the complaint that the non-moving plaintiffs can prove no set of facts that would entitle them to relief. Id.; Vail v. Plain Dealer Publishing Co. (1995), 72 Ohio St.3d 279, 280. The focus is strictly upon the complaint, as factual findings are never required. See State ex rel. Drake v. Athens Cty. Bd. of Elections
(1988), 39 Ohio St.3d 40, 41 "To survive a motion to dismiss for failure to state a claim upon which relief can be granted, a pleader is ordinarily not required to allege in the complaint every fact he or she intends to prove[.]" State ex rel. Hanson v. Guernsey Cty. Bd. ofCommrs. (1992), 65 Ohio St.3d 545, 549.
 Unjust Enrichment Claim {¶ 8} A claim for unjust enrichment arises out of a contract implied in law, or quasi-contract. Hummel v. Hummel (1938), 133 Ohio St. 520,525-528. Such a contract is not a true contract, but is an "`obligation that is created by the law without regard to expressions of assent by either words or acts,' * * *." (Citations omitted.) Legros v. Tarr
(1989), 44 Ohio St.3d 1, 7-8. Under this type of contract, civil liability "arises out of the obligation cast by law upon a person in receipt of benefits which he [or she] is not justly entitled to retain" without compensating the individual who conferred the benefits. Hummel,133 Ohio St. at 525.
 {¶ 9} To recover on a claim of unjust enrichment, the party asserting the claim must demonstrate that "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment * * *." Hambleton v. R.G. BarryCorp. (1984), 12 Ohio St.3d 179, 183, quoting Hummel, supra, at 525. The conferral of the benefit must be the product of fraud, misrepresentation or bad faith by the party accepting and retaining the benefit. NationalCity Bank v. Fleming (1981), 2 Ohio App.3d 50, 58. In other words, there must be a causal relationship between the complainant's loss and the recipient's benefit. Laurent v. Flood Data Servs. (2001),146 Ohio App.3d 392, 399.
 {¶ 10} In this case, appellant does not dispute that it did not specifically plead fraud, which was the basis for the trial court's grant of dismissal. There is absolutely nothing in the complaint to specifically indicate that CFC had notice of the fraudulent transactions, took the payments, and concealed it from Firstar. Thus, as determined by the trial court, the complaint does not allege with particularity that CFC knowingly made any false representations or concealed any facts which misled or caused reliance by Firstar to its detriment. Therefore, Firstar did not allege that CFC committed fraud or any misrepresentations. Appellant claims, however, that the complaint adequately sets forth that CFC accepted payments from Prestige in "bad faith." We disagree.
 {¶ 11} Bad faith "is not simply bad judgment. It is not merely negligence. It imports a dishonest purpose or some moral obliquity. It implies conscious doing of wrong. It means a breach of a known duty through some motive of interest or ill will. It partakes of the nature of fraud. * * *. It means `with actual intent to mislead or deceive another.' * * *." (Citations omitted.) Slater v. Motorists Mut. Ins. Co.
(1962), 174 Ohio St. 148, 151, overruled, in part, on other grounds byZoppo v. Homestead Ins. Co. (1994), 71 Ohio St.3d 552. Bad faith "will not be imputed unless there is something in the particular transaction which is equivalent to fraud, actual or constructive." (Citations omitted.) Slater, supra.
 {¶ 12} In this case, Firstar alleged that, since CFC knew or "would have known had it exercised due diligence" that Prestige was in financial trouble, this indicates that CFC knew or "would have known had it exercised due diligence" that the funds it received from Prestige were from an illegal source. The complaint lacks any allegation of CFC's actual intent to mislead or deceive Firstar, but suggests only that CFC may have been negligent in some way. Thus, rather than alleging specific knowledge that the funds received by CFC were from illegally obtained funds, Firstar merely imputes "bad faith" from the sole fact that CFC may have known about Prestige's financial trouble.
 {¶ 13} Based upon the allegations in the complaint, the "unjust enrichment" Firstar seeks to recover was actually a benefit conferred upon Prestige, who then simply chose to use the funds to repay certain debts, including loans to CFC. Moreover, even presuming that CFC knew that Prestige was failing financially from a business standpoint, nothing in the complaint demonstrates that CFC had any duty to monitor finances or to inquire about or protect Firstar's interests. Absent some contractual duty, we can discern no Ohio law which requires one creditor to monitor the finances of its debtor for the purpose of protecting the interests of other creditors.
 {¶ 14} Appellant's legal conclusion, that CFC was unjustly enriched and was "an actual and/or constructive party to" Prestige's "use of fraudulent devices to obtain an involuntary `loan' from" Firstar, was insufficiently supported by either factual allegations or legal theories. Consequently, since Firstar failed to allege any legally binding causal connection between the benefit it conferred upon Prestige and the payments ultimately made to CFC, its claim for unjust enrichment must fail.
 Conversion {¶ 15} Conversion is "any exercise of dominion or control wrongfully exerted over personal property of another in denial of or under a claim inconsistent with his rights." Okocha v. Fehrenbacher (1995),101 Ohio App.3d 309, 318. See, also, Zacchini v. Scripps-HowardBroadcasting Co. (1976), 47 Ohio St.2d 224, 226, reversed on other grounds (1977), 433 U.S. 562. Actions for conversion are generally based only upon the taking of identifiable, tangible personal property. SeeWiltberger v. Davis (1996), 110 Ohio App.3d 46, 55; Davis v. Flexman
(S.D.Ohio 1999), 109 F.Supp.2d 776, 808. Intangible rights may be the subject of a conversion claim, however, only where such rights are directly identified with a document. See Zacchini, supra; Schaefer v. RMSRealty (2000), 138 Ohio App.3d 244, 282. Funds drawn on one bank used to pay loans owed to a second bank have been held not to be subject to conversion claims absent bad faith, i.e., knowledge by the second bank that it lacked the right to accept the funds. See Federal Ins. Co. v.Banco De Ponce (C.A.1, 1984), 751 F.2d 38.
 {¶ 16} In the present case, Firstar alleged only that Prestige converted Firstar's assets to the direct benefit of CFC. Even construing this language to be a claim for conversion, the property subject to Firstar's claim against CFC is not identifiable, personal property directly identifiable with the allegedly illegal bank drafts, but rather is money commingled with funds in a bank account. Again, the facts, as alleged by appellant, simply do not show that CFC had any actual knowledge of any wrongdoing by Prestige at the time it accepted payments. Since the property is not specifically identifiable, Firstar can prove no set of facts that would entitle it to recover on the conversion claim, and dismissal was appropriate under Civ.R. 12(B)(6).
 {¶ 17} Therefore, since appellant failed to allege the necessary elements for either unjust enrichment or conversion, dismissal of appellant's complaint was proper. Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 18} The judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal for which sum judgment is rendered against appellant on behalf of Huron County and for which execution is awarded. See App.R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Skow, J., concur.
[1] Firstar also sued Pearson's wife, Russell Corwin, and Bill Klaus Pontiac-Cadillac-GMC, Inc., who are not parties to this appeal.