[Cite as *Skaff v. Khutorsky*, 2016-Ohio-4903.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

George Skaff, d/b/a George Michael
Construction Co., LLC

      Appellant

v.

Alex Khutorsky, et al.

      Appellee

Court of Appeals No. L-15-1249

Trial Court No. CI0201302301

**DECISION AND JUDGMENT**

Decided:  July 8, 2016

* * * * *

Norman A. Abood, for appellant.

Kerin Lyn Kaminski and Melissa A. Laubenthal, for appellee
Citizens Bank, N.A.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Plaintiff-appellant, George Skaff, d/b/a/ George Michael Construction Co.,

LLC, appeals the August 26, 2015 judgment of the Lucas County Court of Common

Pleas which granted the Civ.R. 12(B)(6) motion to dismiss of defendant-appellee,

Citizens Financial Group, Inc.  For the reasons that follow, we affirm.

**{¶ 2}** The relevant facts are as follows. On January 1, 2004, appellant and Alex Khutorsky entered into a building contract for the construction of Khutorsky's residence in Sylvania, Lucas County, Ohio. To finance the construction, Khutorsky entered into a Residential Construction Loan Agreement for the sum of $180,000, with Charter One Bank, N.A., now known as Citizen's Bank, N.A.

**{¶ 3}** The loan agreement referenced the construction contract between appellant and Khutorsky and provided:

> The proceeds of the Loan must be used solely for the following purposes: * * * (c) payment of the cost to construct the Improvements on the Land (the "Construction Cost") and all appurtenances belonging to the Land (the "Premises"), as set forth in the construction contract between Borrower and GEORGE MICHAEL CONSTRUCTION CO. LLC * * * (the "Builder") for the construction of the Improvements on the Premises, as such contract may be amended from time to time but only with the written approval of the Bank (the "Construction Contract"), * * *.

**{¶ 4}** The agreement provided for disbursements of the loan amount as follows:

> Upon the Bank's approval of a disbursement request, the Bank will draw checks on the Construction Loan Account. The checks will be made payable to the Builder unless the required requisition for payment form received by the Bank for such disbursement indicates that payments are to be made to laborers, suppliers, subcontractors and materialmen identified as

2.

having a claim for payment on the Affidavit received by the Bank for such disbursement.

* * *

Prior to the final disbursement of funds from the Construction Loan Account and in addition to any other requirements contained herein with respect to a disbursement, the following must be furnished to the Bank, in form and substance satisfactory to the Bank, in the sole determination of the Bank: (a) evidence of completion satisfactory to the Title Company/Bank and (b) the Bank's form of "Acknowledgement of Completion of Construction" executed by the Borrower and, if required, by the Builder.

**{¶ 5}** The agreement further provided:

8. CONTRACT WITH THE BUILDER: Borrower is responsible for any conflicts between the Loan Documents and the Construction Contract.

* * *

12. WAIVER: The Borrower hereby expressly relieves and discharges the Bank from any and all liability and responsibility whatsoever arising out of the disbursement hereunder of the Loan proceeds or of any amounts from the Construction Loan Account and expressly agrees and acknowledges that the Bank does not assume any responsibility whatsoever

3.

for the method of disbursement, the application or use of proceeds disbursed hereunder, or as to any liens or claims whatsoever which might attach to or be filed against the Premises.

{¶ 6} On April 1, 2013, appellant commenced a lis pendens action against the homeowner, Khutorsky, alleging that he refused to consent to the final draw on the construction loan agreement and that he was owed $104,715. Skaff further claimed that Khutorsky, by taking possession of the property, waived any claimed defects in performance.

{¶ 7} On May 29, 2013, Khutorsky filed a motion to dismiss arguing that Skaff was not the real party in interest; rather, it was George Michael Construction with whom he contracted. The motion to dismiss was denied.

{¶ 8} On April 24, 2015, appellant filed an amended complaint adding appellee. As to appellee, appellant alleged that he was a third-party beneficiary to the contract between Khutorsky and appellee and that appellant completed all the tasks required of the building contract. Appellant stated that appellee breached its "contractual obligation" to him by refusing to release the remaining $104,715 held in escrow. On June 15, 2015, appellant and Khutorsky stipulated to a dismissal of all claims and counterclaims.

{¶ 9} Appellee filed its motion to dismiss on June 26, 2015, arguing that appellant failed to allege the necessary elements of breach of contract and satisfaction of the conditions precedent. In opposition, appellant contended that he set forth factual allegations sufficient to form a basis for relief. In particular, that appellant was listed as

4.

the "builder" in the Residential Construction Loan Agreement, that disbursements checks were made payable to appellant, and that he completed "all tasks" necessary for disbursement.

{¶ 10} On August 26, 2015, the trial court granted appellee's motion to dismiss finding that appellant was only an incidental, not intended beneficiary of the contract between appellee and Khutorsky. Thus, the court concluded that appellant had no standing to enforce the contract at issue. This appeal followed.

{¶ 11} Appellant now raises two assignments of error for our review:

First Assignment of Error: The trial court erred as a matter of law in dismissing appellant's complaint.

Second Assignment or Error: The trial court erred as a matter of law in holding that appellant was not an intended third-party beneficiary.

{¶ 12} Appellant's assignments of error are related and will be addressed jointly. Appellant contends that the trial court erred when it dismissed his complaint based on the determination that appellant, as the builder, was not an intended third-party beneficiary to the construction loan agreement between Khutorsky and appellee and, thus, could not maintain an action against the bank. Conversely, appellee asserts that appellant was an incidental, not intended beneficiary to the contract and that even assuming appellant was an intended beneficiary, he failed to allege that the conditions precedent to performance were satisfied.

5.

**{¶ 13}** Under Civ.R. 12(B)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Generally, notice pleading is sufficient to meet the requirements of the rule. *State ex rel. Harris v. Toledo*, 74 Ohio St.3d 36, 37, 656 N.E.2d 334 (1995). "[T]he plaintiff need not allege in the complaint every fact he intends to prove since many facts are not available until after discovery. But, plaintiff must allege a set of facts that would support a cause of action. *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 5." *Haas v. Stryker*, 6th Dist. Williams No. WM-12-004, 2013-Ohio-2476, ¶ 8.

**{¶ 14}** A Civ.R. 12(B)(6) motion to dismiss should not be granted "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975), quoting *Conley v. Gibson*, 335 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In conducting this analysis, "we must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party." *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988); *Haas* at ¶ 9. We review a trial court's grant of a Civ.R. 12(B)(6) motion to dismiss on a de novo basis. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5.

**{¶ 15}** Appellant's main arguments on appeal are that the trial court did not properly apply the standard set forth in Civ.R. 12(B)(6) and the relevant case law and that the factual allegations, when presumed true, are clearly sufficient under Ohio's Civ.R.

6.

8(A) notice pleading. In his complaint, appellant alleges he was a third-party beneficiary to the contract between appellee and Khutorsky. Appellant claimed that he had completed all tasks required under the contract. Appellant then stated that appellee breached the contract by refusing to release the remaining $104,715 held in escrow.

{¶ 16} Because appellant was not a party to the contract, he may only enforce the contract as an intended third-party beneficiary. *Perrysburg v. Toledo Edison Co.*, 171 Ohio App.3d 174, 2007-Ohio-1327, 870 N.E.2d 189, ¶ 20 (6th Dist.). As to intended beneficiaries, Ohio has adopted the Restatement of the Law 2d, Contracts (1981), Section 302 which provides:

(1) * * * [A] beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either:

(a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or

(b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

(2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

{¶ 17} The Supreme Court of Ohio has also adopted the "intent to benefit" test to delineate between intended and incidental beneficiaries. The test provides:

7.

"[I]f the promise * * * intends that a third party should benefit from the contract, then the third party is an 'intended beneficiary' who has enforceable rights under the contract. If the promisee has no intent to benefit a third party, then any third-party beneficiary to the contract is merely an 'incidental beneficiary,' who has no enforceable rights under the contract."

*Hill v. Sonitrol of Southwestern Ohio, Inc.*, 36 Ohio St.3d 36, 40, 521 N.E.2d 780, quoting *Norfolk & W. Co. v. United States*, 641 F.2d 1201, 1208 (6th Cir.1980). *See also Huff v. FirstEnergy Corp.*, 130 Ohio St.3d 196, 2011-Ohio-5083, 957 N.E.2d 3, ¶ 10-11.

{¶ 18} Similar to the present case and relied upon by the trial court, in *Bain Builders v. Huntington Natl. Bank*, 8th Dist. Cuyahoga App. No. 78442, 2001 WL 777011 (July 5, 2001), the appellant builders (company and owner, individually) contracted with a purchaser for the construction of a commercial building. The purchaser contracted with a bank for a construction loan. *Id.* at *1. The relationship between the builders and purchaser deteriorated and the purchaser terminated builders; pursuant to the agreement, the dispute was arbitrated.

{¶ 19} Appellants then commenced an action against purchaser and bank alleging breach of contract. As to the builder company, the court found that it lacked capacity to sue. *Id.* at *3-4. As to the owner, the court found that because he was neither a party to the contract between the bank and the purchaser nor an intended third-party beneficiary, he did not have capacity to sue. *Id.* at *4. The court specifically found:

8.

Bain at most would be considered an incidental beneficiary because there is nothing to suggest that Bain was meant to benefit from the contract between Wenk and HNB [the bank]. The sole purpose of the contract was to provide a source of funding for Wenk to construct the building that was the subject of the contract between Bain Builders and Wenk. Certainly the provision of these funds indirectly benefitted Bain if indeed he could be considered a successor in interest to Bain Builders. The intent of the contract, however, was to benefit Wenk by providing the necessary funds for construction. Merely because Bain derived some incidental benefit from Wenk's contract with HNB does not transform him into a third-party beneficiary. *Id.*

See *Caruso v. Natl. City Mtge. Co.*, 187 Ohio App.3d 329, 2010-Ohio-1878, 931 N.E.2d 1167 (1st Dist.) (home purchaser not a third-party beneficiary to the contract between appraiser and lender bank); *Fifth Third Bank v. Cope*, 162 Ohio App.3d 838, 2005-Ohio-4626, 835 N.E.2d 779 (12th Dist.) (home purchaser not third-party beneficiary between land developer and home builder).

{¶ 20} Here, as in *Bain*, the contract was not entered into to benefit appellant; rather, its purpose was to benefit Khutorsky by providing him funding for the construction of his residence. The fact that appellant was paid directly under the terms of the contract does not alter its purpose. Further, appellee did not assume any duty to appellant under the loan agreement. This is evidenced by the above-quoted contract

language which specifically required a signed certificate of completion by Khutorsky prior to the final disbursement of funds.

{¶ 21} Based on the foregoing, we find that the trial court did not err in finding that appellant was not a third-party beneficiary to the contract between Khutorsky and appellee and in dismissing the complaint. Appellant's first and second assignments of error are not well-taken.

{¶ 22} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

Stephen A. Yarbrough, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.