JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiff-appellant, Carol Lauderbaugh, appeals from a summary judgment in favor of defendant-appellees, Kelly Gellasch, D.V.M. and Eileen Heldmann, D.V.M., on her complaint for veterinary malpractice that allegedly led to the death of her dog. The issue on appeal is whether Gellasch's and Heldmann's alleged breach of the standard of care proximately caused the dog's death. We conclude that Lauderbaugh offered no evidence that could create a material issue of fact on causation, so we affirm.
 {¶ 2} As required by Civ. R. 56(C), we view the facts in a light most favorable to Lauderbaugh. The facts are, for the most part, undisputed. Lauderbaugh's dog began experiencing trouble with its hind legs, and was diagnosed with a disc problem. Gellasch successfully performed a laminectomy on the dog and post-operably inserted a urine catheter. Two days after the surgery, Gellasch handed the dog's care over to Heldmann. Five days after the surgery, the veterinary staff noted that the dog had a malodorous urine and elevated temperature. The staff took a urine sample to determine if the dog had an infection, but the results of a urine culture would take several days to process. Later that same day, the dog began to run a fever.
 {¶ 3} The following day, Heldmann gave the dog Clavamox, an antibiotic used to treat urinary tract infections. Despite being given the antibiotic, the dog's fever spiked higher. Heldmann gave the dog a different antibiotic, but the fever continued unabated. The dog suffered a seizure and heart problems, *Page 4 
leading to its death. Although a necropsy was not performed on the dog, Lauderbaugh's expert gave his opinion that a massive infection caused its death.
 {¶ 4} Lauderbaugh brought this malpractice action alleging that Gellasch and Heldmann should have performed a urinalysis and administered antibiotics immediately upon discovering the dog's elevated temperature. She maintained that the urinalysis would have substantiated the presence of an infection within minutes, as opposed to the 48-72 hour waiting period for a urine culture.
 {¶ 5} Gellasch and Heldmann filed a motion for summary judgment[1]
in which they argued that Lauderbaugh's expert failed to establish an issue of material fact on proximate causation. They argued that Lauderbaugh's expert did not establish a standard of care recognized by the veterinarian community and that the expert failed to establish that any breach of a standard of care proximately caused the dog's death. Neither Gellasch nor Heldmann offered their own expert. The court granted summary judgment without opinion.
 {¶ 6} We need not reach the issue of whether Lauderbaugh's expert sufficiently stated the relevant standard of care because we find that there is no *Page 5 
evidence to show that any breach of that standard of care proximately caused the dog's death.
 {¶ 7} A veterinary malpractice claim has similar elements to a medical malpractice claim. The plaintiff must show (1) a duty to perform according to the appropriate veterinary standards; (2) that the veterinarian breached that duty; 3) that the breach was the proximate cause of the damages; and (4) that the plaintiff suffered damages. SeePeltier v. McCartan, Shelby App. No. 17-05-14, 2005-Ohio-3901, ¶ 9.
 {¶ 8} Proximate cause is generally understood as occurring when an original act is wrongful or negligent and, in a natural and continuous sequence, produces a result that would not have taken place without the act. See, e.g., Whiting v. Ohio Dept. of Mental Health (2001),141 Ohio App.3d 198, 202-203.
 {¶ 9} Lauderbaugh sets forth two breaches of the standard of care: the failure to perform a urinalysis and the failure to administer antibiotics sooner than the time they were administered. The expert believed the standard of care required Gellasch and Heldmann to perform a urinalysis because it "may have identified if there was indeed an infection and the antibiotics could have been started sooner while waiting for the culture results to come in." The expert believed that the results of the urinalysis would have determined whether antibiotics were necessary. *Page 6 
 {¶ 10} The evidence, when viewed in a light most favorable to Lauderbaugh, does not create an issue as to proximate causation because there are no facts to show that the failure to conduct a urinalysis contributed to the dog's death. The expert agreed that the urine culture was standard procedure for a dog that had a catheter removed following surgery. He said that the urine culture would allow for identification of the kind of bacteria that would be present in the urine sample. The expert stated that a urinalysis would have shown the presence of bacteria, but conceded that it would not have permitted the identification of the specific bacteria that was contained in the urine sample. This was an important concession because it meant that Gellasch and Heldmann would have been treating an infection without knowing exactly what kind of bacteria was present in the dog. The antibiotic they did use was, in the expert's words, "an appropriate and indicated antibiotic for use in this situation at that time ***." What neither Gellasch nor Heldmann knew at the time was that the bacteria present in the dog was resistant to the antibiotic they administered.
 {¶ 11} It follows that the expert offered no evidence of causation. Even had Gellasch and Heldmann performed the urinalysis as he suggested, the urinalysis admittedly would not have identified the specific type of bacteria present. And by agreeing that the antibiotic Gellasch and Heldmann used was appropriate and indicated under the circumstances, the expert's testimony could only be *Page 7 
viewed as a concession that the results of the urinalysis would not have indicated a different form of treatment. Moreover, by agreeing that the antibiotic given to the dog was ineffective against the particular strain of bacteria present in the infection, Gellasch's and Heldmann's failure to administer the antibiotic sooner would have been of no consequence to the infection. In short, the urinalysis would not have affected the outcome of the treatment in any way and reasonable minds could only find that Gellasch's and Heldmann's actions were not the proximate cause of the dog's death. The assigned errors are overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Bedford Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, A.J., and
[1] The parties originally tried the issues to a magistrate who found in favor of Gellasch and Heldmann. The court approved those findings and issued judgment. On appeal, we reversed the court's judgment, finding that the magistrate denied Lauderbaugh a fair trial by refusing to consider certain evidence, by concluding the proceedings unilaterally, and by allowing defense counsel to answer a question that had been posed to Lauderbaugh. See Lauderbaugh v. Gellasch, Cuyahoga App. No. 86781,2006-Ohio-2877. *Page 1