[Cite as *Curcio v. Hufford*, 2022-Ohio-4766.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


Joel Curcio, et al.                                          Court of Appeals No.  L-22-1009

    Appellant                                            Trial Court No. CI0202101522

v.

Kathleen Hufford, et al.                          **<u>DECISION AND JUDGMENT</u>**

    Appellees                                             Decided:  December 29, 2022

* * * * *

Jay R. Carson and Robert Alt, for appellants.

Melissa Purpura, City of Oregon Law Director,
for appellee, Kathleen Hufford, Commissioner of Taxation,
City of Oregon, et al.

Dale R. Emch, City of Toledo Law Director, Jeffrey B. Charles,
and John E. Bibish, for appellee, John Zawisza, Commissioner of
Taxation, City of Toledo.

* * * * *

**MAYLE, J.**

{¶ 1} Appellants, Joel Curcio, Summer Curcio, and Chris Ackerman (collectively,

the "taxpayers"), appeal the December 16, 2021 judgment of the Lucas County Court of

Common Pleas granting the motions to dismiss of appellees, Kathleen Hufford, finance

director for the city of Oregon, and John Zawisza, tax commissioner for the city of Toledo (collectively, the "cities").[1]  Because the trial court correctly determined that the General Assembly had authority under the Ohio Constitution to enact Section 29 of 2020 H.B. 197, the disputed legislation did not run afoul of the Due Process Clause of the United States Constitution, and it did not appear beyond a reasonable doubt that Section 29 was incompatible with constitutional provisions, we affirm.

## I. Background and Facts

{¶ 2} This case stems from a provision in 2020 H.B. 197—Section 29—regarding municipal income taxation that the General Assembly enacted in March 2020 in response to Governor Mike DeWine's executive order declaring a state of emergency due to the COVID-19 virus ("executive order 2020-01D") and the Ohio Department of Health director's order ("stay-at-home order") that required, subject to certain exceptions, "all individuals currently living within the State of Ohio * * * to stay at home or at their place of residence" and all businesses, except essential businesses, to "cease all activity within the State * * *."  Under the stay-at-home order, nonessential businesses could continue to operate to the extent that their operations consisted "exclusively of employees or contractors performing activities at their own residences (i.e., working from home.)."

---

[1] Ohio Attorney General, Dave Yost, was also named as a defendant in the underlying case, but the taxpayers are not appealing the trial court's decision to dismiss him from the case, and he is not a party to this appeal

2.

{¶ 3} As part of a bill designed to address the effects of the COVID crisis, the General Assembly passed Section 29 of 2020 H.B. 197, which provided that

during the period of the emergency declared by Executive Order 2020-01D, issued on March 9, 2020, and for thirty days after the conclusion of that period, any day on which an employee performs personal services at a location, including the employee's home, which the employee is required to report for employment duties because of the declaration shall be deemed to be a day performing personal services at the employee's principal place of work.

{¶ 4} When executive order 2020-01D and the stay-at-home order went into effect, the taxpayers each began working from home instead of their employer's usual place of business. At the time, the Curcios lived in Springfield Township, Summer worked in Toledo, and Joel worked in Oregon; Ackerman lived in Walbridge and worked in Oregon. In other words, none of the taxpayers lived in the city where they worked, so, when they began working from home in March of 2020, they were working from a location outside of the borders of the municipality where their employer was physically located. While Summer was working from home, her employer withheld Toledo income taxes; while Joel and Ackerman were working from home, their employers withheld Oregon income taxes.

{¶ 5} In March 2021, the taxpayers filed their complaint for declaratory and injunctive relief. They claimed that Section 29 violates their due process rights under

3.

United States and Ohio Constitutions by allowing the municipalities where their employers are located to tax their income, despite them neither residing in nor physically working in those cities because of the stay-at-home order, and asked the trial court to issue a declaratory judgment finding that Section 29 is unconstitutional and void. The taxpayers also sought preliminary and permanent injunctions preventing the cities from collecting taxes from nonresidents who were not physically working in the cities, along with a refund of all taxes already withheld or collected from people in this category.

{¶ 6} Oregon and Toledo each filed a motion to dismiss under Civ.R. 12(B)(6), arguing that the taxpayers' complaint failed to state a claim because the General Assembly has the authority to enact rules for income tax allocation between municipalities, and the federal Due Process Clause does not limit the legislature's ability to determine purely intrastate tax policy or require a worker's physical presence in a municipality for the municipality to tax the worker's earnings, as long as the worker has some "minimal connection" to the municipality.

{¶ 7} In response, the taxpayers argued that the Ohio Supreme Court's line of municipal-income-tax decisions beginning with *Angell v. Toledo*, 153 Ohio St. 179, 91 N.E.2d 250 (1950), and continuing through *Willacy v. Cleveland Bd. of Income Tax Rev.*, 159 Ohio St.3d 383, 2020-Ohio-314, 151 N.E.3d 561, make clear that the Due Process Clause prohibits "extraterritorial" municipal taxation—i.e., municipalities taxing the income of nonresidents for work performed outside of the municipality—and that the state's power to regulate intrastate taxation is limited by the federal constitution.

4.

**{¶ 8}** On December 16, 2021, the trial court granted the cities' motions to dismiss. The court found Section 29 "constitutional under the General Assembly's broad intrastate powers of taxation over its residents." First, the court reasoned that two cases the taxpayers relied on heavily—*Willacy* and *Hillenmeyer v. Cleveland Bd. of Rev.*, 144 Ohio St.3d 165, 2015-Ohio-1623, 41 N.E.3d 1164—were distinguishable because neither case "addressed the same factual due process issues or the Ohio General Assembly's power to tax Ohio residents within Ohio borders, or to form a scheme in coordinating limitations for intrastate taxation." The court went on to use the due process analysis outlined in *Willacy* and *Hillenmeyer* to determine that the taxpayers' due process rights were not violated in this case because "the taxes ultimately arise from work performed in the jurisdiction of the three [taxpayers] and there is a sufficient connection between the party being taxed and the taxing municipality." Second, relying on *Athens v. McClain*, 163 Ohio St.3d 61, 2020-Ohio-5146, 168 N.E.3d 411, the trial court determined that Section 29 was a valid exercise of the General Assembly's authority to pass laws limiting the power of municipalities to levy taxes for local purposes.

**{¶ 9}** The taxpayers now appeal, raising two assignments of error.

> ASSIGNMENT OF ERROR NO. 1: The trial court erred by conflating the State of Ohio's jurisdiction to tax the Appellants with the Defendant Cities' jurisdiction to tax the Appellants, essentially treating Sec. 29 of H.B. 197 as a "State tax" rather than an expansion of a "local tax."

ASSIGNMENT OF ERROR NO. 2:  The trial court erred in holding that the General Assembly can authorize extraterritorial taxation.

## II. Law and Analysis

{¶ 10} In their appeal, the taxpayers argue that the trial court erred by finding Section 29 constitutional because it mistakenly treated the taxes involved as state taxes instead of local taxes, and incorrectly determined that the General Assembly could authorize municipalities to impose extraterritorial taxes.  The cities respond that the trial court properly determined that the General Assembly did not violate the Due Process Clause by enacting Section 29 because (1) it acted rationally by creating a tax policy regarding in-state income earned by state residents, (2) there is no physical presence requirement inherent in the Due Process Clause, and (3) the taxpayers each have a sufficient connection to the city that taxed them to satisfy any due process analysis, and Section 29 was a local-income-tax-allocation law, not the creation of a new local income tax.

{¶ 11} We agree with the cities that the trial court reached the correct conclusion.

### A. Standard of review

{¶ 12} We review de novo a trial court's decision granting a motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted. *Perrysburg Twp. v. Rossford,* 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5. In reviewing a Civ.R. 12(B)(6) motion, we presume that the complaint's factual allegations are true and make all reasonable inferences in the nonmoving party's favor.

6.

*Mitchell v. Lawson Milk Co.,* 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). To dismiss a complaint under Civ.R. 12(B)(6), "it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to the relief sought." *Ohio Bur. of Workers' Comp. v. McKinley,* 130 Ohio St.3d 156, 2011-Ohio-4432, 956 N.E.2d 814, ¶ 12, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975).

{¶ 13} The taxpayers' constitutional claims bring additional considerations into play. When a party challenges legislation's constitutionality, we begin with the presumption that the legislation is constitutional. *State v. Carswell,* 114 Ohio St.3d 210, 2007-Ohio-3723, 871 N.E.2d 547, ¶ 6. "In reviewing a statute, a court, if possible, will uphold its constitutionality. All reasonable doubts as to the constitutionality of a statute must be resolved in its favor. Courts have a duty to liberally construe statutes in order to save them from constitutional infirmities." (Internal citations omitted.) *Hughes v. Ohio Bur. of Motor Vehicles*, 79 Ohio St.3d 305, 307, 681 N.E.2d 430 (1997). Before we can declare legislation unconstitutional, "'it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible.'" *Doyle v. Ohio Bur. of Motor Vehicles*, 51 Ohio St.3d 46, 47, 554 N.E.2d 97 (1990), quoting *State ex rel. Dickman v. Defenbacher*, 164 Ohio St. 142, 128 N.E.2d 59 (1955), paragraph one of the syllabus.

**B. The General Assembly had the authority to enact Section 29.**

{¶ 14} We first address the taxpayers' second assignment of error. In it, they contend that the trial court incorrectly determined that the General Assembly could constitutionally authorize the cities to impose local income taxes outside of their geographical boundaries. Because Section 29 was a valid administrative limitation on municipalities' power to levy taxes—not an unconstitutional imposition of an extraterritorial tax—we disagree.

{¶ 15} Under Article XVIII, Section 3 of the Ohio Constitution—the Home Rule Amendment—municipalities are authorized to "exercise all powers of local self-government * * *," which includes the power to tax. *Cincinnati Bell Tel. Co. v. Cincinnati*, 81 Ohio St.3d 599, 605, 693 N.E.2d 212 (1998). But this power is not unlimited. Article XVIII, Section 13 of the Ohio Constitution specifically allows the General Assembly to pass laws to "limit the power of municipalities to levy taxes * * * for local purposes[,]" and Article XIII, Section 6 allows it to "restrict [municipalities'] power of taxation * * * so as to prevent the abuse of such power." However, "with respect to municipal taxation, immunity from state law is the rule, with the exception being that the General Assembly may pass legislation that 'limits' or 'restricts' the power of municipalities to tax." *Athens*, 163 Ohio St.3d 61, 2020-Ohio-5146, 168 N.E.3d 411, at ¶ 23.

{¶ 16} Despite "immunity from state law [being] the rule," the General Assembly can—and has—passed laws generally preempting local income taxes and dictating that

8.

municipalities enact detailed ordinances—ranging from general to highly specific and administrative to substantive—in order to impose local income taxes. *See id.* at ¶ 45-51 ("[T]he General Assembly's authority to limit the power of municipalities to tax allows it to * * * require that such taxes be imposed in strict accordance with the terms dictated by legislation passed by the General Assembly."); *see also* R.C. Chapter 718. The legislature is able to pass laws that dictate so much about municipal taxes because the Supreme Court has determined that "the phrase 'levy taxes' in Article XVIII, Section 13 [of the Ohio Constitution] encompasses administrative functions necessitated by a tax as well as the legislative enactment of the tax." *Athens* at ¶ 30.

{¶ 17} In their brief, the taxpayers essentially argue that the legislature used Section 29 to impermissibly expand municipalities' Home Rule taxing authority beyond their geographical borders. Their argument is flawed, however, because it treats Section 29 like a municipal ordinance *imposing* a local income tax, rather than a state statute *regulating* local income taxes. Undoubtedly, if the cities had tried to enact ordinances achieving the same results as Section 29 without the General Assembly's blessing, they would have exceeded their taxing authority under the Ohio Constitution. However, as the Supreme Court made clear in *Athens*, the General Assembly's power to limit the levy of municipal taxes extends to imposing administrative limitations on the collection of local taxes, which is fundamentally what Section 29 does. By requiring that employees "be deemed" to be working from their principal place of work when they were working elsewhere due to executive order 2020-01D and the stay-at-home order, the legislature

9.

imposed an additional administrative requirement on the collection of local income taxes that was limited to "the period of the emergency declared by Executive Order 2020-01D, * * * and for thirty days after the conclusion of that period * * *."

{¶ 18} Despite the holding in *Athens*—and although they concede that the General Assembly can authorize municipalities to act extraterritorially in some areas, *see Time Warner Cable, Inc. v. Cincinnati*, 2020-Ohio-4207, 157 N.E.3d 941, ¶ 17 (1st Dist.)—the taxpayers contend that the General Assembly categorically lacks the ability to extend taxing authority beyond a municipality's geographical boundaries. They cite *Prudential Co-op. Realty Co. v. Youngstown,* 118 Ohio St. 204, 160 N.E. 695 (1928), and argue that the Supreme Court "drew a bright line between taxation and other extraterritorial actions that might be authorized by statute[.]" However, *Prudential* does not go that far.

{¶ 19} In *Prudential*, the Supreme Court determined that a Youngstown ordinance that charged a fee related to inspecting and making plat maps for property outside of the city's boundaries that the city planned to annex was "invalid if it operate[d] as a revenue ordinance." *Id.* at 214. The problem with the ordinance was not that it potentially imposed a tax; the problem was that the statute underlying the city's power to inspect and map property outside of its boundaries did not provide explicit authority for the city to charge a tax or anything like it. *See id.* at 214-215. Rather, the court found that "[w]here the authority is lodged in the municipality to inspect and regulate, the further authority to charge a reasonable fee to cover the cost of inspection and regulation will be implied." *Id.* at 214. So, instead of drawing "a bright line between taxation and other

10.

extraterritorial actions * * *" that the General Assembly could authorize, the Supreme Court was simply commenting on what was allowed under the specific statute at issue in the case.

{¶ 20} In sum, because the General Assembly has the authority to impose administrative limitations on municipal taxation, Section 29 is administrative in nature, and the Supreme Court has not categorically precluded the legislature from allowing municipalities to act extraterritorially in the area of taxation, we find that the taxpayers' complaint failed to set forth facts establishing that Section 29 and the constitution are clearly incompatible based on the legislature impermissibly expanding municipalities' geographical taxing authority. Accordingly, the taxpayers' second assignment of error is not well-taken.

**C. Section 29 is not facially invalid under the Due Process Clause.**

{¶ 21} In their first assignment of error, the taxpayers argue that the trial court conflated the state's jurisdiction to tax them with the cities' jurisdiction to tax them by treating the taxes addressed by Section 29 as state taxes instead of local taxes, leading to the court wrongly concluding that Section 29 comported with due process.

{¶ 22} The premise underlying the taxpayers' due-process argument is the fact that the cities acted extraterritorially—and therefore taxed the taxpayers beyond the scope of due process—when they followed Section 29's requirement of deeming that each of the taxpayers worked in the city where their employer was located during the state of emergency declared in executive order 2020-01D. However, as discussed above, the

11.

General Assembly had the authority to impose the administrative limitation in Section 29. Despite the taxpayers' protestations, Section 29 was a *state* law (not a municipal ordinance), and "[a] state's taxing jurisdiction may be exercised over all of a resident's income based upon the state's in personam jurisdiction over that person." *Corrigan v. Testa*, 149 Ohio St.3d 18, 2016-Ohio-2805, 73 N.E.3d 381, ¶ 31, citing *Hillenmeyer*, 144 Ohio St.3d 165, 2015-Ohio-1623, 41 N.E.3d 1164, at ¶ 41; and *Shaffer v. Carter*, 252 U.S. 37, 52, 40 S.Ct. 221, 64 L.Ed. 445 (1920). The legislature used its jurisdiction over the taxpayers to authorize the cities to determine tax liabilities during the state of emergency. As citizens of Ohio subject to a dictate of the Ohio General Assembly, the taxpayers received all the process they were due under the law. *Schaad v. Alder*, 1st Dist. Hamilton No. C-210349, 2022-Ohio-340, ¶ 12, *appeal allowed*, 166 Ohio St.3d 1524, 2022-Ohio-1893, 188 N.E.3d 184.

{¶ 23} Further, the taxpayers' due process arguments are based on cases that are distinguishable because they involve the legality of local ordinances (not state statutes), taxing residents of other states, or both. *See Angell*, 153 Ohio St. 179, 91 N.E.2d 250 (city ordinance taxing nonresident of city); *Hillenmeyer* (city tax regulation taxing out-of-state resident who worked in Cleveland two days a year); *Willacy*, 159 Ohio St.3d 383, 2020-Ohio-314, 151 N.E.3d 561 (city ordinance qualifying profits that out-of-state resident made by exercising stock options that arose while she worked in Cleveland as "income" for local-income-tax purposes).

12.

**{¶ 24}** More critically, the taxpayers brought a facial constitutional challenge to Section 29. That is, they alleged that Section 29, "on its face and under all circumstances, has no rational relationship to a legitimate governmental purpose." *Wymsylo v. Bartec, Inc.*, 132 Ohio St.3d 167, 2012-Ohio-2187, 970 N.E.2d 898, ¶ 21, citing *Jaylin Invests., Inc. v. Moreland Hills,* 107 Ohio St.3d 339, 2006-Ohio-4, 839 N.E.2d 903, ¶ 11. To succeed on a facial challenge, the taxpayers would have to show that "no set of circumstances exists under which the act would be valid." *Id.*, citing *United States v. Salerno,* 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987). And to survive a Civ.R. 12(B)(6) motion to dismiss their facial challenge, accepting the allegations in the complaint as true and drawing all reasonable inferences in the taxpayers' favor, it must appear beyond a reasonable doubt that the disputed legislation and the constitutional provisions are clearly incompatible. *Desenco, Inc. v. Akron*, 84 Ohio St.3d 535, 538, 706 N.E.2d 323 (1999), citing *Doyle*, 51 Ohio St.3d at 47, 554 N.E.2d 97; and *Dickman*, 164 Ohio St. 142, 128 N.E.2d 59, at paragraph one of the syllabus.

**{¶ 25}** Section 29 is generally applicable to any "employee" who "performs personal services at a location, including the employee's home, [to] which the employee is required to report for employment duties because of the declaration [in executive order 2020-01D] * * *." As the Tenth District reasoned when confronting this same issue,

> it is not difficult to identify circumstances where operation of Section 29
> did not affect employees or employers at all: even under the emergency

declaration some employees, such as those in "Essential Businesses and Operations," continued to report to work at their normal place of employment or, perhaps, worked from home in the same municipality as their employer. Because there are possible circumstances where Section 29 of H.B. 197 is valid, we reject the facial challenge. *See Corrigan v. Testa*, 149 Ohio St.3d 18, 2016-Ohio-2805, 73 N.E.3d 381, ¶ 69 (rejecting facial challenge where "there is at least a possibility that the statute could be applied" in a way that is valid.).

(Internal citation to the record omitted.) *Buckeye Inst. v. Kilgore*, 2021-Ohio-4196, 181 N.E.3d 1272, ¶ 36 (10th Dist.). We agree. The taxpayers' complaint does not contain sufficient factual information for us to conclude beyond a reasonable doubt that there is no set of circumstances under which Section 29 would be valid. *Wymsylo* at ¶ 21.

{¶ 26} Because the taxpayers' complaint fails to show that Section 29 is facially invalid under the Due Process Clause of the United States Constitution, we conclude that the trial court did not err by dismissing the complaint. Therefore, the taxpayers' first assignment of error is not well-taken.

### III. Conclusion

{¶ 27} The December 21, 2021 judgment of the Lucas County Court of Common Pleas is affirmed. Joel Curcio, Summer Curcio, and Chris Ackerman are ordered to divide the costs of this appeal equally pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.              _____
                                                          JUDGE

Christine E. Mayle, J.

Myron C. Duhart, P.J.            _____
CONCUR.                                                   JUDGE


                                           _____
                                                          JUDGE


This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.