[Cite as *Randall v. JM Smucker Co.*, 2024-Ohio-4725.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Otha Randall                                    Court of Appeals No.  L-23-1250

    Appellant                              Trial Court No. CI0202203199

v.

JM Smucker Company                        **DECISION AND JUDGMENT**

    Appellee                               Decided: September 27, 2024

* * * * *

Steven E. Hillman, for appellant.

Ashley E. Horton, for appellee.

* * * * *

**SULEK, P.J.**

{¶ 1} Appellant, Otha Randall, appeals the October 23, 2023 judgment of the Lucas County Court of Common Pleas granting appellee JM Smucker Company's Civ.R. 12(B)(6) motion to dismiss.  Because Randall's claims were not sufficiently pled under Civ.R. 8(A), the trial court's judgment is affirmed.

## I. Facts and Procedural History

{¶ 2} On July 29, 2022, Randall commenced this action against JM Smucker Company ("Smucker") raising two unspecified claims. First, he alleged injury from his December 20, 2021 consumption of tainted Jif peanut butter. Randall claimed that he was hospitalized and incurred severe pain and medical bills. Randall alleged that Smucker's failure to investigate the incident he reported evidenced a breach of its duty of care to its customers. Randall's second claim was that Smucker breached a duty of care and fair dealing by ignoring Randall's report until he involved the Food and Drug Administration leading to a recall of the tainted Jif peanut butter. He alleged that Smucker's unreasonable delay in the investigation was without justification. Randall claimed that Smucker

> acted wrongfully and in breach of its duty to the public and has been willful, wanton, malicious, arbitrary, capricious, outrageous, intentional, in bad faith and designed to injure and damage [the] public and as such, constitutes an independent wrongful tort by the Defendant against the Plaintiff and Defendant's customers.

Randall requested compensatory and punitive damages both exceeding $10 million.

{¶ 3} On August 31, 2022, Smucker filed a motion to dismiss Randall's complaint under Civ.R. 12(B)(6) or, alternatively, a motion for a more definite statement under Civ.R. 12(E). Smucker argued that Randall's complaint failed to provide it fair notice of his claims. The motion, however, did not include a certificate of service as required under Civ.R. 5(B)(4). After being informed of the deficiency by Randall's counsel and on the advice of the clerk of court, Smucker refiled its motion on September 6, 2022, and

2.

attached a certificate of service asserting that it served Randall with the motion on August 31.

{¶ 4} Randall moved to strike Smucker's motion, arguing that it was untimely and that the certificate of service attached to the September 6 refiled motion violated Civ.R. 5(D), because it indicated that the motion was served more than three days before it was filed with the court. Randall also opposed the merits of the motion to dismiss asserting that his complaint satisfied the notice pleading requirement under Civ.R. 8(A)(1). On February 16, 2023, Randall filed a second motion to strike.

{¶ 5} On October 23, 2023, the trial court granted Smucker's motion to dismiss and summarily found the motion to strike not well-taken. The court concluded that

> the complaint is utterly devoid of any direct allegations on every material point necessary to sustain Plaintiff's entitlement to recovery. The allegations contained in Plaintiff's complaint, taken as true and affording him all reasonable inferences, are bare and insufficient. The complaint wholly fails to plead even the most basic facts and fails in every way to give the Defendant fair notice of the claims.

{¶ 6} This appeal followed.

## II. Assignments of Error

> Assignment of Error One: The Trial Court erred in finding that the Appellant erred by not stating a claim as provided in Civ.R. 12(B)(6) and 12(E).
> Assignment of Error Two: The trial court erred by failing to strike pleadings that did not have a certificate of service in compliance with the Ohio Civil Rule 5.

3.

## III. Analysis

{¶ 7} For ease of discussion, the court addresses Randall's assignments of error in reverse.

### A. Timeliness of the Motion to Dismiss

{¶ 8} In Randall's second assignment of error, he asserts that the court erred in denying his motion to strike Smucker's September 6, 2022 refiled motion to dismiss as untimely.

{¶ 9} Civ.R. 12(1) provides a 28-day period for a party's answer or responsive motion to a complaint. The period begins to run the day following the filing and is not subject to the three-day mailing rule. Civ.R. 6(D).

{¶ 10} Here, the record demonstrates Smucker was served with the complaint on August 3, 2022; therefore, it had until Wednesday, August 31, 2022, to respond to the complaint. Smucker filed its motion to dismiss on August 31, 2022, without a certificate of service. On September 6, 2022, following Labor Day weekend, Smucker refiled the motion to dismiss with a certificate of service indicating that it served Randall with the motion on August 31, 2022.

{¶ 11} Civ.R. 5(D) states that "[a]ny paper after the complaint that is required to be served shall be filed with the court within three days after service." The purpose of Civ.R. 5(D) is to "'ensure that the opposing party is promptly served with filings.'" *Carelli v. Canfield Local School Dist. Bd. of Edn.*, 2019-Ohio-1096, ¶ 26 (7th Dist.), quoting *Sovey v. Lending Group of Ohio*, 2005-Ohio-195, ¶ 16 (8th Dist.). Under Civ.R.

4.

6(A), when the last day to file falls on a weekend or legal holiday, "the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday."

{¶ 12} It is undisputed that Smucker timely served Randall with the motion to dismiss on Wednesday, August 31, 2022. That same day, Smucker also filed the motion with the court, albeit without a certificate of service. Civ.R. 5(D), however, provided Smucker three days to file the motion with the court. The intervening weekend and Labor Day holiday extended the filing period to Tuesday, September 6, the day the motion was refiled with the certificate of service. *See* Civ.R. 6(A). Accordingly, the trial court did not err in denying the motion to strike and Randall's second assignment of error is not well-taken.

### B. Merits of the Motion to Dismiss

{¶ 13} Randall's first assignment of error is that the trial court erred in dismissing his complaint for failure to state a claim because Ohio notice pleading makes it "unfathomable" that Smucker did not know why it was being sued.

{¶ 14} Appellate courts review de novo a trial court's decision granting a Civ.R. 12(B)(6) motion to dismiss. *Curcio v. Hufford*, 2022-Ohio-4766, ¶ 12 (6th Dist.), citing *Perrysburg Twp. v. Rossford*, 2004-Ohio-4362, ¶ 5. "'A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint.'" *Med. Mut. of Ohio v. FrontPath Health Coalition*, 2023-Ohio-243, ¶ 12 (6th Dist.), quoting *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, (1992). In reviewing a Civ.R. 12(B)(6) motion, the court presumes that the

5.

complaint's factual allegations are true and makes all reasonable inferences in the nonmoving party's favor. *Curcio* at ¶ 12; *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). To dismiss the complaint, "'it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to the relief sought.'" *Id.*, quoting *Ohio Bur. of Workers' Comp. v. McKinley*, 2011-Ohio-4432, ¶ 12.

{¶ 15} Ohio is a notice-pleading state. *Maternal Grandmother v. Hamilton Cty. Dept. of Job and Family Servs.*, 2021-Ohio-4096, ¶ 10, citing *Wells Fargo Bank, N.A. v. Horn*, 2015-Ohio-1484, ¶ 13. Thus, a "'short and plain statement of the claim' will typically do." *Id.*, quoting Civ.R. 8(A). Ohio law does not ordinarily require a plaintiff to plead operative facts with particularity." *U.S. Bank Natl. Assn. v. Liphart*, 2012-Ohio-1994, ¶ 9 (6th Dist.), citing *Ogle v. Ohio Power Co.*, 2008-Ohio-7042, ¶ 5 (4th Dist.). However, under the notice pleading requirements fair notice still requires that a complaint allege sufficient underlying facts that relate to and support the alleged claim and may not simply state legal conclusions. *Gonzalez v. Posner*, 2010-Ohio-2117, ¶ 11 (6th Dist.); *Clemens v. Katz*, 2009-Ohio-1461, ¶ 7 (6th Dist.). Such notice has been explained as follows:

> "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusion' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'"

6.

*Sultaana v. Horseshoe Casino*, 2015-Ohio-4083, ¶ 12 (8th Dist.), quoting *Digiorgio v. Cleveland*, 2011-Ohio-5878, ¶ 49 (8th Dist.), quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009).

{¶ 16} Here Randall's complaint alleges that he ate tainted Jif peanut butter, was subsequently hospitalized, and suffered pain and incurred medical bills. He alleged that Smucker breached a duty of good faith and fair dealing to maintain the purity of its product and to promptly report contamination. Reviewing Randall's complaint, it fails to set forth sufficient factual allegations such as which Jif peanut butter he consumed, what it was tainted with, the actual injuries caused or delineate any legally cognizable causes of action. Thus, the complaint failed to set forth any facts entitling Randall to relief and the trial court did not err in granting Smucker's Civ.R. 12(B)(6) motion to dismiss. Randall's first assignment of error is not well-taken.

{¶ 17} Finally, the dissent believes that the trial court's judgment in this case is not final and appealable because it dismissed the complaint without prejudice and Randall had the ability to amend and refile his complaint. The dissent states that due to the "scant record" the court cannot say what facts Randall could have relied upon in refiling the complaint. This statement supports a contrary conclusion.

{¶ 18} "Ordinarily, a dismissal without prejudice is other than on the merits under Civ.R. 41(B) and is not appealable." *Bland v. Toyota Motor Sales U.S.A., Inc.*, 2018-Ohio-1728, ¶ 7 (2d Dist.). "With regard to a dismissal without prejudice under Civ.R. 12(B)(6), however, such a dismissal may be appealable 'if the plaintiff cannot plead the

7.

claims any differently to state a claim for relief.'" *Id.*, quoting *Hulsmeyer v. Hospice of Southwest Ohio, Inc.*, 2013-Ohio-4147, ¶ 11 (1st Dist.). "If the rule were otherwise, a plaintiff whose complaint was found deficient under Civ.R. 12(B)(6) would be without a remedy to challenge that determination." *Id.*

{¶ 19} In *Bland*, which is cited in the dissent, the plaintiff filed a complaint against Toyota Motor Sales U.S.A., Inc. She subsequently amended the complaint to name her father as an additional plaintiff. *Id.* at ¶ 3. Toyota Motor sales then moved to dismiss the complaint under Civ.R. 12(B)(6). *Id.* at ¶ 4. The trial court granted the motion and dismissed the complaint without prejudice. *Id.* at ¶ 7. In affirming, the court of appeals concluded that the dismissal of the complaint without prejudice was a final and appealable order. It reasoned:

> Here, it is unclear whether Bland and Lasky potentially could plead differently to state a breach-of-contract claim against Toyota Motor Sales. Resolution of that issue likely depends, at least in part, on the existence or non-existence of facts that are known to them. For present purposes, however, we will presume that Bland and Lasky are incapable of pleading differently to overcome the deficiencies found by the trial court. If that were not so, they likely would have re-filed their complaint rather than appealing the dismissal.

*Id.* at ¶ 8; *see also Martin v. Ohio Univ.*, 2023-Ohio-2511, (4th Dist.) ¶ 19-23.

{¶ 20} Similarly, in this case, Randall could have amended and refiled the complaint rather than filing the instant appeal. Based on his decision to appeal the trial court's judgment, this court may presume that Randall's complaint set forth his "most capable efforts." *Martin* at ¶ 23. The trial court's order, therefore, was final and appealable.

8.

## IV. Conclusion

{¶ 21} Upon due consideration, the October 23, 2023 judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, Randall is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Myron C. Duhart, J.                                      _____
                                                              JUDGE

Charles E. Sulek, P.J.
CONCUR.

                                                   _____
                                                              JUDGE

Christine E. Mayle, J.
DISSENTS AND WRITES
SEPARATELY.

**MAYLE, J., Dissenting**

{¶ 22} Because I believe that the trial court's order is not a final, appealable order and we lack jurisdiction to consider this appeal, I dissent.

{¶ 23} Appellee, JM Smucker Co., filed a Civ.R. 12(B)(6) motion to dismiss the complaint filed by appellant, Otha Randall, for failure to state a claim upon which relief can be granted. The court agreed with Smucker that Randall's complaint failed to state a claim and dismissed the complaint "without prejudice."

{¶ 24} The Ohio Supreme Court has issued two decisions that are relevant to the finality of a trial court's Civ.R. 12(B)(6) decision. The first is *Fletcher v. Univ. Hosps. of Cleveland*, 2008-Ohio-5379. In *Fletcher*, the plaintiff failed to attach an affidavit of merit to her medical claim, as required by Civ.R. 10. *Id.* at ¶ 1. The court noted that a motion under Civ.R. 12(B)(6) "is a procedural tool testing the sufficiency of the complaint[,]" not a decision on the merits of the underlying dispute, so "a dismissal for failure to state a claim is without prejudice except in those cases where the claim cannot be pleaded in any other way." *Id.* at ¶ 17; *see also Collins v. Natl. City Bank*, 2003-Ohio-6893, ¶ 51 (2d Dist.) ("An order of dismissal entered pursuant to Civ.R. 12(B)(6) is an adjudication on the merits of the issue the rule presents, which is whether a pleading put before the court states a claim for relief. It does not adjudicate the merits of the claim itself, unless it can be pleaded in no other way.").

{¶ 25} Less than a year later—and without mentioning *Fletcher*—the court decided *State ex rel. Arcadia Acres v. Ohio Dept. of Job & Family Servs.*, 2009-Ohio-4176. *Arcadia Acres* arose in an entirely different context. In that case, the appellants were appealing the Tenth District's dismissal of a mandamus action, which it had dismissed based on res judicata. *Id.* at ¶ 1. The prior action was a declaratory judgment

10.

action seeking the same relief, which the trial court had previously dismissed. *Id.* Based on "the policy of the law with regard to involuntary dismissals . . ." in Civ.R. 41(B), which provides that "only dismissals on jurisdictional grounds . . . raise a presumption of no prejudice to reasserting the same claim through a second complaint . . . [and o]ther involuntary dismissals constitute 'adjudication[s] on the merits' unless the dismissal order specifies the contrary[,]" the *Arcadia Acres* court held that a Civ.R. 12(B)(6) dismissal is an adjudication on the merits and res judicata bars refiling the claim, i.e., that the dismissal is *with* prejudice. (Second brackets in original.) *Id.* at ¶ 14-15.

{¶ 26} The appellate courts have handled the apparently conflicting cases in different ways. *See, e.g., Dugas v. Ohio Adult Parole Auth.*, 2022-Ohio-1923, ¶ 20 (10th Dist.), quoting *George v. State*, 2010-Ohio-5262, ¶ 14 (10th Dist.) ("'*Arcadia Acres* represents the latest clear pronouncement by the Supreme Court of Ohio on the issue and as such we are bound to follow it.'"); *Martin v. Ohio Univ.*, 2023-Ohio-2511, ¶ 23 (4th Dist.), citing *Bland v. Toyota Motor Sales, Inc.*, 2018-Ohio-1728 (2d Dist.) (finding the trial court's decision final and appealable, despite the trial court's "without prejudice" language, because the court "presume[d] that appellants put forth their most capable efforts in re-filing their amended complaint and are incapable of pleading differently to overcome the deficiencies found by the trial court."); *Hulsmeyer v. Hospice of Southwest Ohio, Inc.*, 2013-Ohio-4147, ¶ 11-13 (finding that trial court's Civ.R. 12(B)(6) dismissal was actually a determination that plaintiff's claims failed as a matter of law, so dismissal was with prejudice).

11.

**{¶ 27}** For our part, we generally cite the *Fletcher* standard. *See, e.g., STE Invests., LLC v. Macprep, Ltd.*, 2022-Ohio-2614, ¶ 16 (6th Dist.); *Krohn v. Ostafi*, 2020-Ohio-1536, ¶ 12 (6th Dist.). However, we apparently have not had the opportunity to determine the finality of a Civ.R. 12(B)(6) decision based on the plaintiff's potential ability to successfully replead their case.

**{¶ 28}** Here, the majority concludes that the trial court's order is a final, appealable order because Randall appealed the order instead of amending his complaint. That is circular logic. Moreover, unlike the majority and the court in *Bland*, I am not willing to presume that Randall's decision to appeal an order that the trial court clearly told the parties "IS A FINAL APPEALABLE ORDER" shows that he is incapable of successfully repleading his claims. *See Bland* at ¶ 7-8. To the contrary, based on the scant record before us, it is entirely possible that Randall could amend his complaint to state claims that would survive a Civ.R. 12(B)(6) motion. This is not a case like *Martin*, where the plaintiffs filed an amended complaint (i.e., tried to fix their deficient pleading) and the Fourth District was able to "presume that appellants put forth their most capable efforts in re-filing their amended complaint and are incapable of pleading differently to overcome the deficiencies found by the trial court." *Martin* at ¶ 23. We do not have the benefit of knowing that Randall attempted and failed to successfully replead his claims, so we cannot say that he is incapable of repleading them in a way that meets the requirements of Civ.R. 8.

12.

{¶ 29} For these reasons, I would find that the trial court's order is not final and appealable, and that we lack jurisdiction to determine this appeal. Therefore, I respectfully dissent.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.